IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSA CORTEZ AND<br>ROSA M. SALAZAR, | § <br> § <br> § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | Civil Action No. 4:19-cv-04157<br>(JURY) |
| LIBERTY INSURANCE CORPORATION | § <br> § <br> § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation (incorrectly named "Liberty Mutual Insurance Company & Liberty Insurance Corporation") timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. § 1446(b), removing this action from the 334th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division and in support thereof show as follows:

### A.  Introduction

1.      Plaintiffs commenced this lawsuit against Defendant in the 334th Judicial District Court of Harris County, Texas on or about August 30, 2019.  A true and correct copy of the Original Petition along with documents reflecting service are attached hereto as Exhibit "A."  Plaintiffs served the Original Petition on Defendant Liberty Insurance Corporation through its registered agent on September 27, 2019.  On October 18, 2019 Defendant filed its Original Answer, Special Exceptions and Jury Demand attached hereto as Exhibit "B."

2.      Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiffs'

Original Petition as required by 28 U.S.C. § 1446(b).

3.      Plaintiffs seek to recover damages in this lawsuit based on allegations of breach of

contract, violations of the Texas Insurance Code and bad faith.  Plaintiffs' claims against

Defendant arise under a homeowner's policy of insurance issued by Liberty Insurance

Corporation.  Plaintiffs allege their property was damaged in a storm occurring on or about

August 28, 2017.

4.      Plaintiffs allege numerous causes of action.  However, their case boils down to an

allegation that they were not paid by the insurance company, Liberty, to be sufficiently

compensated for their alleged losses from the August 28, 2017 storm.

**B.  Jurisdiction & Removal**

5.      In a removal situation, the burden is on the removing party to establish the existence of

jurisdiction and the propriety of removal.  *Manguno v. Prudential Property and Cas. Ins. Co.*,

276 F.3d 720, 723 (5th Cir. 2002).  This Court has jurisdiction in this case pursuant to 28 U.S.C.

§ 1332, in that there is complete diversity of citizenship between the parties and the amount in

controversy exceeds $75,000.00.  Accordingly, statutory authority for the removal of this matter

is conferred by 28 U.S.C. §§ 1441 and 1446.

6.      Complete diversity under 28 U.S.C. § 1332 exists in this case.  Plaintiffs are citizens of

the State of Texas.  Liberty Insurance Corporation is a corporation organized under the laws of

the State of Massachusetts with its principal place of business located in Boston.

7.      In addition, the amount in controversy meets the minimum jurisdictional requirements

under 28 U.S.C. § 1332.  Here, although Plaintiffs state they are suing for monetary relief not

exceeding "the sum or value of $74,000, exclusive of interest and costs," they fail to include a

2

stipulation or affidavit stating they seek $75,000 or less.  The face of the Plaintiffs' pleading will not control if made in bad faith.  The inquiry does not end merely because the Plaintiffs allege damages potentially below the threshold.  Plaintiffs can only end that inquiry by showing, *with legal certainty*, that their recovery will not exceed that amount.  *De  Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  To meet this obligation, plaintiffs can cite a statute that limits their recovery accordingly or they can file a binding stipulation or affidavit regarding those damages with their complaint.  *Id.   See also Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006).   Here, Plaintiffs have done neither.

8.      Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000 to avoid removal.  Thus, a specific demand such as Plaintiffs' cannot be deemed the  amount  in  controversy  because  "[s]uch  manipulation  is  surely  characterized  as <u>bad faith</u>."  *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.")

9.       If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that she will not be able to recover more than the damages for which she has prayed in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

10.      To support the allegation that the amount in controversy exceeds $75,000.00, the defendant may rely on an estimation of damages calculated from the allegations in the complaint.

*Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  The defendant may also rely on the notice of removal, affidavits, stipulations, interrogatories, or other evidence.  *De Aguilar,* 11 F.3d at 58.  If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.  *Id.*  Here, the combination of Plaintiffs' allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

11.     In their Petition, Plaintiffs state they are seeking:

    (a)     Unspecified damages they allege have resulted due to Defendant's alleged breach of contract.  (See paragraph 19 of the Petition).

    (b)     Statutory interest on the total amount of the claim. (See paragraph 21 of the Petition).

    (c)     Exemplary and/or treble damages.  (See paragraphs 22 through 26 of the Petition).

    (d)     Attorney's fees.  (See paragraphs 21 and 27 through 29 of the Petition).

12.      Further, in any first party damage case, the contractual amount in controversy is the limits of the policy.  In this case, the policy limits are $244,100.00 for the Dwelling.  *See* Exhibit "C" attached hereto.

13.      It is clear the types of damages Plaintiffs are seeking, when considered jointly, put them well above the jurisdictional minimum.  Taking all of the allegations together, Defendant has ample reason to believe the potential damages in this matter would be in excess of the minimum

required for diversity jurisdiction.  It has been exactly two years since Defendant sent Plaintiffs a letter explaining the extent of covered damages which were found during the claim investigation. Therefore, including penalty interest increases the amount sought by the Plaintiffs to $118,532.67.  Presumably, Plaintiffs expect this to increase during the time it takes to try and/or appeal this case.

14.	Further, on July 17, 2018, Plaintiffs sent Defendant a demand letter, including a repair estimate in the amount of $98,920.72, plus $2,500.00 in attorney fees and other expenses, for a total of $101,420.72, plus trebled actual damages, "never to exceed $75,000."  *See* Exhibit "D" attached hereto.  Plaintiffs also request treble damages in their Original Petition which is $296,762.16.  Not included in this amount is Plaintiffs' claim for attorney fees through trial and appeal.

15.	Assuming the Plaintiffs seek as little as $5,000.00 for attorney fees, the amount in controversy far exceeds $75,000.00.

| Claim for Damages | Plaintiffs' Alleged Damages |
|---|---|
| Actual damages alleged for breach of contract | $98,920.72 |
| Treble Damages for knowing violations of the Texas Insurance Code. | $296,762.16 |
| 10.00 percent interest for violations of the Insurance Code | $19,611.95 for 2 years |
| Attorney's Fees | $5,000.00 |
| **Total to Date:** | **$420,294.83** |

16. For these reasons, Defendant believes it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00. Defendant has also made such showing by a preponderance of the evidence as required by applicable federal law.

17. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

18. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 334th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

19. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

20. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

21. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Liberty Insurance Corporation hereby removes the above-captioned matter now pending in the 334th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:   */s/   J. Mark Kressenberg*
      J. Mark Kressenberg
      State Bar No. 11725900
      JKressenberg@sheehyware.com
      Jonathan R. Peirce
      State Bar No. 24088836
      JPeirce@sheehyware.com
      2500 Two Houston Center
      909 Fannin
      Houston, Texas 77010
      713-951-1000
      713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT
LIBERTY INSURANCE CORPORATION**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 23rd day of October 2019 to the following counsel of record:

**Attorneys for Plaintiffs:**
*Via E-service*
Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

*Via E-service*
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Jonathan R. Peirce*
　　　　　　　　　　　　　　　　　　　　　　　　　　Jonathan R. Peirce

3602707

8