CAUSE NO.  201962375

RECEIPT NO.                    0.00        · CIV
          **********          TR # 73667695

| | |
|---|---|
| PLAINTIFF: CORTEZ, ROSA<br>        vs.<br>DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY | In The   334th<br>Judicial District Court<br>of Harris County, Texas<br>334TH DISTRICT COURT<br>Houston, TX |

## CITATION

THE STATE OF TEXAS
County of Harris

TO: LIBERTY MUTUAL INSURANCE COMPANY BY SERVING THROUGH
    CORPORATE SERVICE COMPANY
    211  E 7TH STREET SUITE 620    AUSTIN  TX  78701 - 3218
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>30th day of August, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 5th day of September, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>
LEAVITT, CHRISTOPHER JERROD
600  TRAVIS STREET SUITE 7300
HOUSTON, TX  77002
Tel: (713) 223-5393
<u>Bar No.:</u>  24053318

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CHAMBERS, WANDA  ULW//11317113

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _9:19_ o'clock _A_.M., on the _27_ day of _September_ , _2019_ .

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                    _____
                                    _____ of _____County, Texas

_____           By _____
        Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                            Notary Public

N.INT.CITR.P                *73667695*

EXHIBIT
A

*2019-62375 / Court: 334*

8/30/2019 9:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36451888
By: Cynthia Clausell-McGowan
Filed: 8/30/2019 9:21 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ROSA CORTEZ & | § | IN THE DISTRICT COURT OF |
| ROSA M. SALAZAR, | § | |
| *Plaintiffs* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | _____ JUDICIAL DISTRICT |
| COMPANY & | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | |
| *Defendants* | § | JURY TRIAL DEMAND |

## PLAINTIFFS'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFFS Rosa Cortez & Rosa M. Salazar ("Plaintiffs") and files this Original Petition against Liberty Mutual Insurance Company and Liberty Insurance Corporation ("Defendants") and, in support of thereof, would respectfully show the Court the following:

### I.    DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1.    Plaintiffs intends to conduct discovery under Level 2.  Tex. R. Civ. P. 190.3.

2.    Plaintiffs seeks monetary relief under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.   Tex. R. Civ. P. 47(c)(1). Further, Plaintiffs specifies that she seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs.  Removal would be improper because there is no federal question.  Plaintiffs has not asserted any claims arising under the Constitution, treaties or laws of the United States of America. 28 U.S. Code § 1331.  Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S. Code § 1332.

## II.   CONDITIONS PRECEDENT

3.      Pursuant to Tex. R. Civ. P. 54, Plaintiffs asserts that all conditions precedent to recovery have been performed or have occurred.

## III.   PARTIES, JURISDICTION AND VENUE

### A.   PARTIES

4.      Plaintiffs Rosa Cortez & Rosa M. Salazar are Texas residents, who reside in 7616 Hartman Rd., Houston, Harris County, Texas.

5.      Defendant Liberty Mutual Insurance Company is an insurance company doing business in the State of Texas, which may be served through Corporation Service Company at 211 E 7th St. Ste. 620, Austin, TX 78701 - 3218.

6.      Defendant Liberty Insurance Corporation is an insurance company doing business in the State of Texas, which may be served through Corporation Service Company at 211 E 7th St. Ste. 620, Austin, TX 78701 - 3218.

### B.   JURISDICTION

7.      The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

8.      The Court has both general and specific personal jurisdiction over Defendants. The Court has general jurisdiction over Defendants, as Defendants has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendants' contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas,

accepting policy premiums in Texas and adjusting insurance claims in Texas. This activity was not the unilateral activity of another party or a third person.

9.      Defendants' contacts with Texas, relied upon by Plaintiffs, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities. The Court has jurisdiction over Defendants because: (1) Defendants purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

10.     The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiffs, who is a Texas resident, with regards to an insured risk and/or property located in Texas. As a matter of law, Defendants conducted business in this State because, without limitation, Defendants conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiffs in Harris County, Texas. Defendants has sufficient and/or minimum contacts with this State, and thus Plaintiffs affirmatively assert the Court's exercise of jurisdiction over Defendants comports with "traditional notions of fair play and substantial justice."

C.      **VENUE**

11.     Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l). The property subject to this dispute and which is owned by Plaintiffs is located in Harris County. The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County. The resulting insurance claim

that was made by Plaintiffs, the property inspection performed by Defendants, and the denial and/or underpayment of the insurance claim by Defendants occurred in Harris County.

## IV.   FACTUAL BACKGROUND

12.     Rosa Cortez & Rosa M. Salazar is a named insured under a property insurance policy issued by Liberty Mutual Insurance Company and Liberty Insurance Corporation.  The policy number is ***0340.

13.     Hurricane Harvey caused major wind damage to thousands of homes in the Southeast Texas area. Hurricane Harvey's winds were sufficient to cause damage as evidenced in this claim. Thereafter, Plaintiffs' subsequently filed a claim on their insurance policy.

14.     Defendants improperly denied and/or underpaid the claim.

15.     Defendants conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

16.     Specifically, On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. The impact of this storm caused roof and interior damage to Plaintiffs' house. Specifically, the storm lifted multiple shingles, causing water to enter into the house. As a result, the water stained and cracked their ceiling and walls. Additionally, the storm damaged their fence. Thereafter, Plaintiffs' filed a claim on their insurance policy.

17.     Defendants performed an outcome-oriented investigation of Plaintiffs' claim. Defendants' (improper) claims handling included Defendants' biased claims adjustment, and an unfair and inequitable evaluation of Plaintiffs' losses on the property.   In addition, Defendants' claims handling included both an unreasonable investigation and underpayment of Plaintiffs' claim.

## V.   CAUSES OF ACTION AND ATTORNEY'S FEES

18.    Plaintiffs incorporates the foregoing for all purposes.

### A.    BREACH OF CONTRACT

19.    Plaintiffs and Defendants entered into an insurance contract. Defendants breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiffs' insurance claim, wrongfully denying and/or underpaying the claim. Defendants damaged Plaintiffs through its actions and/or inactions described herein.

### B.    PROMPT PAYMENT OF CLAIMS STATUTE

20.    Defendants' failure to pay for Plaintiffs' losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542. 051 *et seq.* of the Texas Insurance Code.

21.    In addition to Plaintiffs' claim for damages, Defendants' violation of the Tex. Insurance Code entitles Plaintiffs to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C.    BAD FAITH

22.    Defendants is an insurance company and insured Plaintiffs' property. Defendants is required to comply with Chapter 541 of the Texas Insurance Code.

23.    Defendants violated Section 541.051 of the Texas Insurance Code by, without limitation:

    1.  Making statements misrepresenting the terms and/or benefits of the policy.

24.    Defendants also violated Section 541.060 by, without limitation:

    1.  Misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

2.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

3.  Failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

4.  Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and/or

5.  Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

25.  Defendants violated Section 541.061 by, without limitation:

1.  Making an untrue statement of material fact;

2.  Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3.  Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4.  Making a material misstatement of law; and/or

5.  Failing to disclose a matter required by law to be disclosed.

26.  Defendants knowingly committed the acts complained of. As such, Plaintiffs is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D. ATTORNEYS' FEES**

27.  Plaintiffs engaged the undersigned attorneys to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

28.     Plaintiffs is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil

Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiffs

presented the claim to Defendants, and Defendants did not tender the just amount owed before the

expiration of the 30th day after the claim was presented.

29.     Plaintiffs further prays that them be awarded all reasonable attorneys' fees incurred in

prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and

542.060 of the Texas Insurance Code.

## VI.    TEX. R. CIV. P. 193.7 NOTICE.

30.     Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel

of record that Plaintiffs may introduce into evidence at the time of trial or pre-trial, those

documents produced by all parties in response to requests for production and/or requests for

disclosure in this matter.

## VII.    JURY DEMAND

31.     Pursuant to Tex. R. Civ. P. 216, Plaintiffs hereby demands trial by jury and has tendered

the appropriate fee.

## VIII.    PRAYER

32.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to

appear and answer herein, and that, after due process of law, Plaintiffs have judgment against

Defendants for actual damages, together with exemplary damages, statutory damages, treble

damages, statutory interest, pre-judgment interest, post-judgment interest, attorneys' fees, costs of

suit, and for all such other and further relief, both general and special, in law and in equity, to

which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909


AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: */s/ Stephen R. Walker*
    Stephen R. Walker
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFFS**